# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-0107V
Filed: June 24, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| AARON PRIOR, | |
| Petitioner, | Damages Decision Based on Proffer; |
| v. | Tetanus-diphtheria-pertussis ("Tdap"); |
| | Shoulder Injury Related to Vaccine |
| SECRETARY OF HEALTH | Administration ("SIRVA"); Special |
| AND HUMAN SERVICES, | Processing Unit ("SPU"); Attorneys' |
| | Fees and Costs Decision Based on |
| Respondent. | Proffer |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Paul R. Brazil*, Muller Brazil, LLP, Philadelphia, PA, for petitioner.
*Sarah C. Duncan*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES AND ATTORNEYS' FEES AND COSTS[1]

**Vowell**, Chief Special Master:

On February 2, 2015, Aaron Prior filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*,[2] [the "Vaccine Act" or "Program"]. The petition alleged that as a result of a tetanus-diphtheria-pertussis ("Tdap") vaccination on March 31, 2014, petitioner suffered a shoulder injury related to vaccine administration ("SIRVA"). The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On June 1, 2015, respondent filed her Rule 4(c) report ["Res. Report"], in which she conceded that petitioner is entitled to compensation in this case. Res. Report at 4. On that same date I issued a ruling on entitlement, finding petitioner entitled to compensation.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

On June 22, 2015, respondent filed a proffer on award of compensation ["Proffer"] detailing compensation in the amount of $80,780.48, representing $80,000.00 for actual and projected pain and suffering and $780.48 for past unreimbursed medical expenses.  Proffer at 2.  Respondent averred that petitioner agreed to the amount set forth therein.[3]  *Id.*  This amount represents compensation for all damages that would be available under § 15(a).

The proffer also included an award of attorneys' fees and costs in the amount of $14,500.00 to which petitioner agreed.  *Id.* at 3.  In accordance with General Order #9, petitioner's counsel asserts that petitioner incurred no out-of-pocket litigation expenses.  *Id.*  The Vaccine Act permits an award of reasonable fees and costs.  §15(e).  I find the proposed total amount of $14,500.00 to be reasonable.

Pursuant to the terms stated in the attached Proffer, **I award petitioner a payment of $95,280.48 as follows:**

a.  a lump sum payment of **$80,780.48** in the form of a check payable solely to petitioner, Aaron Prior;

b.  a lump sum payment of **$14,500.00** in the form of a check payable jointly to petitioner, Aaron Prior and petitioner's counsel, Paul Brazil.

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

> **s/Denise K. Vowell**
> Denise K. Vowell
> Chief Special Master

---

[3] The proffer indicates that the parties have agreed that no award should be made for future medical care expenses and lost earnings. Proffer at 2.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |
|---|---|
| AARON PRIOR,           )<br>                       )<br>      Petitioner,     )<br>                       )<br>v.                     )<br>                       )<br>SECRETARY OF HEALTH AND HUMAN  )<br>SERVICES,              )<br>                       )<br>      Respondent.      )<br>                       ) | No. 15-0107V<br>Chief Special Master Vowell<br>ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On February 2, 2015, Aaron Prior ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act"). Petitioner amended his petition for compensation on March 30, 2015. Petitioner alleges that he received a tetanus-diphtheria-pertussis ("Tdap") vaccine in his left arm on March 31, 2014, and subsequently suffered an injury to his left shoulder secondary to the vaccination. *See generally* Dkt. 14, Resp.'s Rep. at 1-4. The Secretary of Health and Human Services ("respondent") filed a Vaccine Rule 4(c) report, conceding that petitioner suffered from a shoulder injury related to vaccine administration ("SIRVA"), and recommending that the Court award petitioner compensation. *Id.* at 1, 4-5. Respondent hereby submits the following proffer regarding the award of compensation.

**I.     Items of Compensation**

    A.     <u>Future Medical Care Expenses</u>

Respondent proffers that based on the evidence of record, petitioner is not entitled to an award for projected unreimbursable medical care expenses incurred from the date of judgment as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(1)(A).  Petitioner agrees.

    B.     <u>Lost Earnings</u>

Respondent proffers that based upon the evidence of record, petitioner has not and is not likely to suffer a loss of earnings as a result of his vaccine-related injury.  Accordingly, petitioner should not be awarded lost future earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A).  Petitioner agrees.

    C.     <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded a lump sum of $80,000.00 for his actual and projected pain and suffering.  This amount reflects that the award for projected pain and suffering has been reduced to net present value.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

    D.     <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents his expenditure of past unreimbursable expenses related to petitioner's vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $780.48.  Petitioner agrees.

    E.     <u>Medicaid Lien</u>

Petitioner represents that there are no outstanding Medicaid liens related to his vaccine-related injury.

2

F.  Attorneys' Fees and Costs

Petitioner has supplied documentation of reasonable attorneys' fees and costs in the amount of $14,500.00. Pursuant to General Order #9, petitioner's counsel has represented to respondent's counsel that petitioner incurred no out-of-pocket expenses in proceeding on the petition. Respondent proffers that petitioner should be awarded $14,500.00 for attorneys' fees and costs. Petitioner agrees.

## II.  Form of the Award

The parties recommend that the compensation provided to petitioner should be made through lump sum payments as described below, and request that the Special Master's decision and the Court's judgment award the following[1]:

A. A lump sum payment of $80,780.48 (representing compensation for actual and projected pain and suffering, and past unreimbursable expenses related to the vaccine-related injury), in the form of a check payable to petitioner; and

B. A lump sum of $14,500.00 in the form of a check payable to petitioner and petitioner's attorney, Paul Brazil, Esq., for attorneys' fees and costs. Petitioner agrees to endorse this payment to petitioner's attorney.

## III.  Summary of Recommended Payments Following Judgment

A.  Lump sum paid to petitioner:  $ 80,780.48

B.  Reasonable attorneys' fees and costs:  $ 14,500.00

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future pain and suffering.

3

    Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

GLENN A. MACLEOD
Senior Trial Counsel
Torts Branch, Civil Division

s/ Sarah C. Duncan
Sarah C. Duncan
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 514-9729
Fax:  (202) 616-4310

DATED:  June 22, 2015